OWENS VS. ROBERTS.

AGENCY. (1) *When notice to agent fixes liability of principal.*
REVERSAL OF JUDGMENT. (2) *Admission of immaterial evidence not error.*

1. Where one M. was defendant's agent to receive a certain notice from plaintiff of the day on which plaintiff should elect to take the day's price for wheat sold by him to defendant, the giving of such notice to M. fixed defendant's liability, and it is immaterial whether plaintiff requested M. to notify defendant, or not.
2. An admission of parol proof of the contents of a letter from M. to defendant, notifying the latter of plaintiff's election, cannot be held for error, even if no sufficient foundation had been laid for such parol proof—the letter itself being immaterial.

APPEAL from the Circuit Court for *Dodge* County.

Action to recover a balance claimed to be due plaintiff from defendant, on account of a sale of wheat to the latter. The

case was tried before a referee. It appeared in evidence that on January 29, 1873, defendant purchased of plaintiff certain number two wheat previously stored with him by plaintiff, for which he agreed to pay the price which wheat of that grade should be worth at the village of Cambria on any day which plaintiff might elect prior to June 1, 1873, plaintiff being required to give defendant, on the day of such election, notice thereof. Plaintiff testified that he was to report to one Myers when he concluded to take the price of the wheat, and that Myers was to report to David Roberts, a son of defendant; David telling Myers to report to him because his father was not at home half the time. Plaintiff further testified that, on the 19th of May, he told Myers to call the wheat sold, and report to Roberts, if he, plaintiff, did not come down next morning; that he did not come down next morning to countermand it, and on the afternoon of the 20th, was told by Myers that he had reported the wheat sold. Myers testified that he "acted as a sort of agent for both parties" in the transaction; that on the 19th of May he had a conversation with *Owens*, who said he wanted to sell the wheat in controversy. "I told him we were paying $1.23 for number two. *Mr. Owens* claimed his wheat was better than number two, and wanted $1.24. The conclusion was, I should notify Mr. Roberts that he elected to take the price of that day, if the plaintiff did not come down in the morning before the mail left, if $1.24 was the price. In the afternoon of the 19th I bought 600 or 700 bushels at $1.23. I was to notify defendant by the next morning's mail. I did not see the plaintiff the next morning, and consequently mailed a letter to David."

Plaintiff requested defendant's attorney to produce the original of this letter, which he declined to do on the ground that he did not have it with him. The bill of exceptions shows no notice to produce the original other than this verbal request upon the trial. An alleged copy of the original was then admitted in evidence, which is as follows:

"CAMBRIA, May 20th, 1873.

"Mr. DAVID ROBERTS. — Dear Sir: *John J. Owens* wants to sell his wheat. He claims $1.24 for it, because we paid that for some that we could clean and make number one. He has been to the station, and Knowles told him that he would give it. He wants to sell this morning, claiming it as Cambria price. We should pay $1.23 for straight number two wheat, and a little more for that grade that could be cleaned. Send to me. I will send you the receipt, or send to express agent. Yours truly, C. D. MYERS."

David Roberts, defendant's son, testified that he had no authority from his father to accept notice of plaintiff's election of the price of the wheat, but that he notified his father of the letter from Myers on the day he received it.

The referee found as facts the contract for the sale of the wheat as above stated, and that plaintiff was required to give defendant notice by letter to David Roberts; that plaintiff selected May 20 as the date of determining the price, and gave defendant the notice required by the agreement; that on the 19th and 20th days of May, number two wheat was worth $1.23 per bushel at Cambria; that there was a balance due plaintiff, after crediting defendant with a payment of $400, of $476.67. As a conclusion of law he held that plaintiff was entitled to recover this sum of defendant, with costs. The referee's report was confirmed, and judgment entered thereon; from which defendant appealed.

*J. B. Hays*, with *L. T. Fribert*, of counsel, for appellant, contended that the referee, and the court below in sustaining his findings, erred in adding to the contract a provision that plaintiff was required to give defendant notice of his selection by letter to David Roberts, there being no testimony to support such addition to the agreement. It was also error to admit the copy of the letter from Myers to David Roberts, the original being in existence, and no notice to produce the letter at the trial

having been given. *Barker v. Barker*, 14 Wis., 131; *Barton v. Kane*, 17 id., 37.

*A. S. Sloan, contra*, to the point that the letter from Myers to David Roberts was properly admitted in evidence, cited *Kerr v. McGuire*, 28 N. Y., 446. The letter was merely the notice mentioned in the complaint and answer, of plaintiff's election to take his price; and the state of the pleadings was sufficient notice to produce the letter. In such cases no notice to produce is necessary. 2 Phill. Ev., 539, note 461.

RYAN, C. J. We see no cause for disturbing the referee's findings of fact in this case, or necessity for reviewing the evidence supporting them.

The witness Myers appears to have been the agent of the appellant to receive the respondent's notice of the day on which he should elect to take the day's price for his wheat. And when the respondent gave such notice to Myers, he had done all he had to do. The appellant's liability was fixed by the notice to his agent. And it is quite immaterial whether or not the respondent desired Myers to notify the appellant. Whether he did so or not, it was doubtless the duty of Myers to notify the appellant; but that was his duty to the appellant, not to the respondent.

It may be questionable whether sufficient foundation was laid for parol proof of the contents of Myers' letter to the appellant. But as the letter was immaterial to the respondent's case, the admission of the evidence of its contents cannot be held for error.

We have examined the record, and are unable to see material error or injustice to the appellant. The judgment of the court below must be affirmed.

*By the Court.* — Judgment affirmed.